
# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### March 22, 2017 Session

## BOB TRAVIS D/B/A TRAVIS COMPANY v. NATHAN FERGUSON D/B/A NORTHSIDE AUTO SALES

### Appeal from the Circuit Court for Davidson County
### No. 15C-3761        Kelvin D. Jones, Judge

_____

### No. M2016-00833-COA-R3-CV

_____

Appellant purchased a vehicle, owned by Appellee, from an auto auction company. After the purchase, Appellant discovered that the vehicle's engine was defective, a fact that was not disclosed prior to sale. Appellant sought rescission of the purchase against Appellee but did not name the auto auction company as a defendant. Because the rescission and warranty of merchantability statutes, Tenn. Code Ann. §§ 47-2-608 and 47-2-314 require privity of contract between the buyer and the seller, and because the automobile auction statute, Tenn. Code Ann. § 62-19-128 clearly identifies the auction company as the seller of the vehicle, we conclude that Appellant did not have a cause of action for rescission against Appellee. Affirmed and remanded.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed and Remanded

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Robert D. Travis, Lebanon, Tennessee, appellant, pro se.

Nathan Ferguson, Nashville, Tennessee, appellee, pro se.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum

The vehicle at issue in this case is a 2006 Toyota Tundra. Appellee Nathan Ferguson purchased the vehicle from Clean Cars, LLC, on December 31, 2014.[2] At the time Mr. Ferguson purchased the vehicle, it had been vandalized and had no tires or rims. Mr. Ferguson had the vehicle towed directly to Auto Auctions, Inc. so that it could be sold. On March 12, 2015, Auto Auctions auctioned the vehicle, which had been designated as a "no run" vehicle, meaning that it had a bad transmission, locked motor, missing keys, bad fuel pump or other such problems. Auto Auctions' practice is to disclose a vehicle's problems, in writing, on the windshields of the vehicles it sells. Appellant Robert D. Travis testified that, prior to his purchase of the vehicle, he spoke with Mr. Ferguson on the lot, and Mr. Ferguson did not disclose any defects with the vehicle except for the missing tires. The vehicle had no defect noted on the windshield. Mr. Travis acknowledged the lack of wheels and also attempted to start the vehicle, but the engine would not start. The record contains a "Buyer's Guide," indicating that the vehicle was sold "AS IS—NO WARRANTY," but Mr. Travis disputes the lack of warranty, citing the implied warranty of merchantability, *see infra*.

Mr. Travis was the successful bidder and purchased the vehicle at the auction for $5,280.00. After purchasing the vehicle and fitting it with wheels, Mr. Travis had it taken to Affordable Auto Care. On March 27, 2015, Chris Warf, the owner of Affordable Auto Care, notified Mr. Travis that the vehicle would not start "because of cut and unconnected wires hidden under the dash." After reconnecting the wires, Mr. Warf advised Mr. Travis that the truck had a substantial "knock" in the engine such that the engine would need to be replaced. Mr. Travis made an immediate demand on Mr. Ferguson to rescind the transaction and refund the purchase price of $5,280.00. Mr. Ferguson refused.

On May 1, 2015, Mr. Travis filed suit against Mr. Ferguson in general sessions court, seeking to rescind his purchase of the 2006 Toyota Tundra. By order of September 28, 2015, the general sessions court held that Mr. Travis had not met his burden of proof and dismissed his complaint. Mr. Travis appealed to the circuit court. By order of March 11, 2016, the trial court dismissed Mr. Travis' complaint. Mr. Travis appeals.

## II. Issues

Mr. Travis raises the following issues for review, as stated in his brief:

1. Whether Appellant may revoke acceptance for the purchase of a vehicle pursuant to T.C.A. 47-2-608 even though Appellee is relying on

---

opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Mr. Ferguson does business as Northside Auto Sales.

disclaimers of warranty pursuant to T.C.A. 47-2-314, *et. seq.*

2.  Whether Appellee had a legal duty to Appellant to disclose the fact that the truck had a knock in the engine.

3.  Whether the evidence is contrary to the trial court's findings of fact and conclusions of law.

4.  Whether Appellant is entitled to damages and if so, in what amount.

## III. Standard of Review

Because this case was tried by the court sitting without a jury, we review the trial court's findings of fact de novo with a presumption of correctness, unless the evidence preponderates against those findings. *McGarity v. Jerrolds*, 429 S.W.3d 562, 566 (Tenn. Ct. App. 2013); *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). For the evidence to preponderate against a trial court's finding of fact, the weight of the evidence must "demonstrate... that a finding of fact other than the one found by the trial court is more probably true." *Williams v. City of Burns*, 465 S.W.3d 96, 108 (Tenn. 2015); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). This Court conducts a de novo review of the trial court's resolutions of question of law, with no presumption of correctness. *Kelly v. Kelly*, 445 S.W.3d 685, 691-92 (Tenn. 2014); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013).

To the extent that Appellant's issues require statutory interpretation, we note that, when interpreting statutes, courts are to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). When reading "statutory language that is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chemical Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). "[W]e presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so." *Lind v. Beaman Dodge*, 356 S.W.3d 889, 895 (Tenn.2011). "When a statute is clear, we apply the plain meaning without complicating the task." *Id*. "Our obligation is simply to enforce the written language." *Id*.

## IV. Analysis

Mr. Travis seeks rescission of his purchase of the vehicle under Tennessee Code Annotated Section 47-2-608, which provides, in relevant part:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it:

\*\*\*

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the **seller's** assurances.

Tenn. Code Ann. § 47-2-608 (emphasis added). Mr. Travis' rescission claim is based on his assertion that the vehicle's condition violated the implied warranty of merchantability, as set out in Tennessee Code Annotated Section 47-2-314:

(1) Unless excluded or modified (§ 47-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale **if the seller is a merchant with respect to goods of that kind**. . . .

Tenn. Code Ann. § 47-2-314 (emphasis added). Importantly, Tennessee Code Annotated Section 47-2-314 requires privity of contract between the buyer and the seller. As discussed in the annotations to the statute:

The rule requiring privity of contract between the parties is still an essential element of implied warranty in Tennessee except in cases where the product involved is in a defective condition unreasonably dangerous to the user or to the property.

Tenn. Code Ann. § 47-2-314, n. 9 (citing ***Leach v. Wiles***, 58 Tenn. App. 286, 429 S.W.2d 823 (1968)). The question, then, is whether Mr. Travis was in privity of contract with Mr. Ferguson so as to seek rescission of the contract of sale against Mr. Ferguson. The question is complicated by the fact that Mr. Travis purchased the vehicle at auction and not directly from Mr. Ferguson. The trial court specifically held that Tennessee Code Annotated Section 62-19-128 applies. This statute provides, in relevant part, that:

(c) Prior to a motor vehicle being subject to a public automobile auction, the public automobile auctioneer shall verify that the motor vehicle has a clean and unencumbered title, by obtaining a valid motor vehicle title history from the department of revenue or if the motor vehicle is registered in a state other than this state, the appropriate titling agency in the other state.

\*\*\*

(f) The public automobile auctioneer shall take possession of and retain title

to each motor vehicle offered for sale at the auction. If the sale is finalized on a motor vehicle, the owner of the vehicle shall sign the title over to the public automobile auctioneer, who shall then sign the title over to and deliver the title to the buyer on the date of the sale. If a sale of the vehicle is not made, then the unsigned title shall be returned to the owner of the vehicle who offered the vehicle for sale at the auction. **At all times, the public automobile auction shall be deemed the seller of the motor vehicle with the same duties and responsibilities as other licensed motor vehicle dealers**.

Tenn. Code Ann. § 62-19-128 (emphasis added). We agree with the trial court that the foregoing statute is applicable insofar as it defines the automobile auction as the seller of the vehicle. Tennessee Code Annotated Section 47-2-608 and the warranty of merchantability statutes, on which Mr. Travis relies, contemplate an action against the "seller" of the product, *see supra*. Under the plain language of Tennessee Code Annotated Section 62-19-128, i.e., "At all times, the public automobile auction shall be deemed the seller of the motor vehicle . . . ," we conclude that Auto Auctions was the seller of the vehicle. Accordingly, Mr. Travis was in privity of contract with Auto Auction and not with Mr. Ferguson. Therefore, the proper defendant in Mr. Travis' rescission action was Auto Auctions. Having no privity of contract with Mr. Ferguson, and having decided not to name Auto Auctions as a party-defendant, there is nothing for Mr. Travis to rescind against Mr. Ferguson. Mr. Travis argues that it was Mr. Ferguson's misrepresentations or omissions that led to the defective sale; however, in the absence of privity between these parties, what Mr. Ferguson said or did not say, **to Mr. Travis**, regarding the vehicle is not relevant. Concerning the allegation that Mr. Ferguson failed to fully disclose the vehicle's condition to Auto Auctions so that Auto Auctions, in turn, could disclose the engine problem to the buyer, Mr. Ferguson's failure to disclose information to Auto Auctions does not create privity between Mr. Ferguson and Mr. Travis. Having determined that, in the absence of privity of contract, Mr. Travis does not have a rescission claim against Mr. Ferguson, we pretermit Mr. Travis' remaining issues.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Robert D. Travis and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE